UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AALIYAH THOMAS-COLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., et al.,<br><br>Defendants. | No. 2:25-cv-03713-DJC-CSK<br><br><br>ORDER |

Before the Court is Defendant United Healthcare Services's Motion to Compel Arbitration and to Dismiss Class Claims arising from Plaintiff Aaliyah Thomas-Cole's putative wage-and-hour class action. As explained below, the Motion is GRANTED.

////

////

////

////

////

////

1

## BACKGROUND

Plaintiff Aaliyah Thomas-Cole ("Plaintiff") filed a putative class action lawsuit against Defendant United Healthcare ("Defendant") and certain Doe defendants on November 20, 2025.  (*See generally* Compl. (ECF No. 1-2).)  Plaintiff alleges that Defendant engaged in a pattern of wage-and-hour violations under the California Labor Code and Industrial Welfare Commission Wage Orders.  (*Id.* ¶ 2.)  In her Complaint, she asserts a variety of claims alleging that Defendant 1) failed to pay all minimum, regular, and overtime wages; 2) failed to provide meal periods or pay meal period premiums; 3) failed to authorize rest period or pay rest period premiums; 4) made improper deductions from earned wages; 5) failed to provide accurate itemized wage statements; and 6) failed to pay all wages due during employment and upon separation of employment.  (*Id.* ¶ 3(a)–(f).)  After removal to this Court (NOR (ECF No. 1), Defendant filed a Motion to Compel Arbitration and to Dismiss Class Claims (Mot. (ECF No. 8)).  The Motion is fully briefed.  (Opp'n (ECF No. 10); Reply (ECF No 11).)  On April 13, 2026, the Court took the matter under submission pursuant to Local Rule 230(g).  (ECF No. 12.)

Plaintiff was employed by Defendant in Sacramento, California, as a non-exempt benefit advocate from approximately April 2022 to October 2025.  (Compl. ¶ 10.)  On February 23, 2022, Defendant sent Plaintiff an offer of employment for the role of customer service advocate, along with a direct link to their Employment Arbitration Policy.  (Weedman Decl. iso Mot. (ECF No. 8-4) ¶ 6 & Ex. A (ECF No. 8-5).)  The offer letter explained that the Arbitration Agreement was a "binding contract" to "resolve through arbitration all covered employment-related disputes that are based on a legal claim."  (*Id.*)  The offer letter also informed Plaintiff that "[b]y accepting employment with UnitedHealth Group, you agree to be bound by the terms of the Arbitration Policy."  (*Id.*, Ex. A at 3.)  Plaintiff signed the Arbitration Agreement ("Agreement") on February 26, 2022.  (Weedman Decl. ¶ 9 & Ex. B (ECF No. 8-6) at 8.)  Plaintiff acknowledges that during her onboarding with Defendant, she was told she

needed to sign documents in order to begin working.  (Thomas-Cole Decl. iso Opp'n to Mot. (ECF No. 10-1) ¶ 4.)

## LEGAL STANDARD

The FAA governs arbitration agreements.  9 U.S.C. § 2.  Under the FAA, a signatory to an arbitration agreement may obtain an order directing a noncomplying party to arbitrate in the manner provided for in the agreement.  9 U.S.C. § 4.  In weighing a motion to compel arbitration, a court must determine: (1) Whether a valid agreement to arbitrate exists and, if it does; (2) Whether the agreement encompasses the dispute at issue.  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016).  "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).

"When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard" of Federal Rule of Civil Procedure 56.  *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004) (citations omitted).  The party opposing arbitration receives the benefit of any reasonable doubts and the court draws reasonable inferences in that party's favor, and only when no genuine disputes of material fact surround the arbitration agreement's existence and applicability may the court compel arbitration.  *Id.*; *see Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991).  The decision to compel arbitration is mandatory, not discretionary, if the requirements are met.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

## DISCUSSION

The parties disagree whether the Agreement at issue is enforceable. Defendant contends the parties entered into a valid, enforceable Agreement that is governed by the Federal Arbitration Act ("FAA) and encompasses Plaintiff's individual claims, which essentially arise from the employment relationship.  (*See generally* Mot.) Defendant also asserts the Agreement contains a valid class action waiver that requires dismissal of Plaintiff's class claims.  (*Id.* at 18.)  While Plaintiff explains that she

"has no memory of ever reviewing or signing an arbitration agreement[,]" she does not meaningfully dispute that she signed the Agreement that is before the Court. (Opp'n at 5–6.)  Plaintiff instead argues that the Agreement is both procedurally and substantively unconscionable and that the unconscionable terms cannot be severed. (*Id.* at 6–17.)  She asks the Court to find the Agreement unenforceable.  (*Id.*)

## I.  Lawful Arbitration Agreement

Plaintiff claims the Agreement is unenforceable because it is both procedurally and substantively unconscionable.  In her view, in addition to being a contract of adhesion that contains elements of surprise and oppression, the Agreement also "(1) contains an overly broad confidentiality clause; (2) risks the imposition of Defendant's attorneys' fees and costs upon Plaintiff; (3) requires arbitration of sexual harassment and sex discrimination claims and requires a waiver of a jury trial for those claims; (4) requires Plaintiff to pay a fee to Defendant to initiate arbitration; and (5) imposes severe and unlawful limits on discovery."  (Opp'n at 5.)  Defendant disagrees and considers the Agreement lawful.  (*See generally* Mot.)  The Court addresses Plaintiff's challenges in turn.

### A.  Procedural Unconscionability

A procedural unconscionability analysis "begins with an inquiry into whether the contract is one of adhesion."  *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113 (2000).  An adhesive contract is standardized, generally on a preprinted form, and offered by the party with superior bargaining power "on a take-it-or-leave-it basis."  *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245 (2016); *see Armendariz*, at 113.  Arbitration contracts imposed as a condition of employment are typically adhesive.  *See Armendariz*, at 114–15; *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal.App.4th 695, 704 (2013).  The pertinent question, then, is whether circumstances of the contract's formation created such oppression or surprise that closer scrutiny of its overall fairness is required.  *See Baltazar*, at 1245–46; *Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1267-1268.  "Oppression occurs

4

where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." *Pinnacle*, 55 Cal.4th at p. 247 (cleaned up and italics added); *see De La Torre v. CashCall, Inc.*, 5 Cal.5th 966, 983 (2018).

### 1. Adhesion

The parties and the Court agree that the Agreement is adhesive, as it was presented on a take-it-or-leave-it basis as a condition of employment.   (Agreement § A ("Acceptance of employment . . . with UnitedHealth Group is deemed to be acceptance of this Policy.")); (Reply at 9 (conceding the Agreement is adhesive).).  As such, "[o]rdinary contracts of adhesion . . . are indispensable facts of modern life that are generally enforced," but courts must be "particularly attuned" to the "clear danger of oppression and overreaching" in arbitration agreements in the employment setting. *Baltazar*, 62 Cal. 4th at 1244 (citations omitted).  In addition, contracts of adhesion that involve "surprise or other sharp practices" are more procedurally unconscionable. *Id*. The Court next considers whether there are elements of surprise or oppression.

### 2. Surprise

The Court concludes that there are no elements of surprise.  Plaintiff asserts that surprise is present because the Agreement "is a single-spaced document spanning over seven pages, with over 40 lines on the first page alone."  (Opp'n at 8–9.)  While some of the paragraphs are dense and the overall font appears smaller than a standard 12-pt. font, the font is not unreasonably small, and the paragraphs vary in length and are clearly defined with understandable, bolded headings.  (*See generally* Agreement.)  Thus, unlike in *OTO*, the paragraphs do not appear "visually impenetrable."  8 Cal. 5th at 128; *see also Hasty v. Am. Auto. Ass'n*, 98 Cal App. 5th 1041, 1056 (2023) ("Surprise occurs where the arbitration agreement is written in an extremely small font with visually impenetrable paragraphs") (cleaned up).  The Agreement also differs from the more extreme example present in *Higgins v. Superior*

*Court*, in which the arbitration agreement was 24 pages long with single-spaced pages and contained 72 numbered paragraphs.  140 Cal. App. 4th 1238, 1242 (2006).

Accordingly, the Court concludes there are no significant elements of surprise present in this Agreement.

### 3. Oppression

There is also no evidence that the circumstances surrounding the signing of the Agreement were significantly oppressive.  "The circumstances relevant to establishing oppression include, but are not limited to (1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by an attorney."  *Hasty*, 98 Cal App. 5th at 1056 (citation omitted).

Plaintiff does not address several of the relevant factors, including how she viewed and signed the Agreement, such as through her phone or on a laptop. Plaintiff claims that she has no memory of signing the agreement, that Defendant did not explain the Agreement's contents or its significance, and that she did not know what arbitration was until after her attorney explained it to her.  (Opp'n at 8; Thomas-Cole Decl. ¶¶ 4–6.)  These arguments are unpersuasive.  The law does not require an employer "to explain the details of a contract" to a would-be employee.  *See Demaria v. Big Lots Stores*, No. 2:23-cv-00296-DJC-CKD, 2023 WL 6390151, at *10 (E.D. Cal. Sept. 29, 2023).

Plaintiff also had time to investigate the terms of the Agreement.  The February 23, 2022, offer letter notified Plaintiff of the presence of the Agreement and its binding nature, and provided a hyperlink in a contrasting blue font for Plaintiff to access and view the Agreement.  (*See* Weedman Decl. ¶ 8 & Ex. A.)  Plaintiff did not sign the Agreement until three days later on February 26, 2022.  (Weedman Decl. ¶ 9.)  Thus, Plaintiff was on notice of the Agreement and had three days to consider its

terms prior to signing.  *Contrast with Samaniego v. Empire Today LLC*, 205 Cal. App. 4th 1138, 1145–46 (finding procedural unconscionability where Spanish-speaking plaintiff was "directed to sign [the English-only agreement] immediately and was told that he could not take it home for review").  There is also no evidence indicating Plaintiff was unable to read English or understand the offer letter or the Agreement. *Hasty*, 98 Cal. App. 5th at 1056 ("There is no evidence to suggest that [Plaintiff] lacked the education or experience to review employment paperwork[.]").

In summary, the Court concludes there are no significant oppressive elements present in this Agreement apart from the take-it-or-leave-it adhesive nature of the employment contract.  *Id*. (finding no "appreciable degree of oppression beyond that inherent in an adhesive employment agreement").  Therefore, lacking elements of surprise or oppression, the procedural unconscionability of the Agreement is modest because "the adhesive nature of a contract, without more, would give rise to a low degree of procedural unconscionability at most." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261–62 (9th Cir. 2017).  "A finding of procedural unconscionability does not mean that a contract will not be enforced, but rather that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided." *Baltazar*, 6 Cal. 4th at 1244 (cleaned up).

The Court next considers whether Plaintiff establishes substantive unconscionability.

### B.  Substantive Unconscionability

The Court concludes that certain of the challenged clauses are substantively unconscionable.  Substantive unconscionability "examines the fairness of a contract's terms." *OTO*, 8 Cal. 5th at 129.  The substantive unconscionability doctrine is concerned with terms that are "unreasonably favorable to the more powerful party," not just "a simple old-fashioned bad bargain." *Id*. at 130.  The California Supreme Court held in *Armendariz v. Foundation Health Psychcare Services, Inc.* that a lawful arbitration agreement includes the following five features: "(1) provides for neutral

arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.  Thus, an employee who is made to use arbitration as a condition of employment 'effectively may vindicate [his or her] statutory cause of action in the arbitral forum.'"  24 Cal. 4th 83, 102 (2000) (citation omitted).

### 1.  Overly Broad Confidentiality Clause

Plaintiff claims the confidentiality clause is overly broad and unconscionable because it bars her from conducting informal discovery, which increases discovery costs and hampers Plaintiff's ability to establish Labor Code violations.  (Opp'n at 9–10.)  Defendant objects that the cases upon which Plaintiff relies constrain their holdings to claims for harassment, retaliation, and discrimination, which are not at issue in this case.  (Reply at 16.)  Defendant also asserts that Plaintiff is permitted to communicate with witnesses without violating her obligation to keep the arbitration proceedings confidential.  (*Id.*)

The unconscionability clause provides:

> All proceedings under this Policy are private and confidential, unless applicable law provides to the contrary.  The arbitrator shall maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary.  The arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

(Agreement § D ¶ 8.)  While Defendant correctly notes that Plaintiff's cited authority involved harassment claims, which are not at issue here, the California Supreme Court has explained that "an unconscionability assessment focuses on circumstances known at the time the agreement was made[,]" rather than specific circumstances that arose after the contract was executed.  *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 505 (2024).  The Court clarified that the unconscionability analysis should focus on "general factors that can be examined without relying on subsequent developments."

8

*Id.* at 506.  One of those factors includes evaluating "the types of claims covered by the agreement."  *Id.*  In applying *Ramirez*, at least one other district court has found a confidentiality clause to be unconscionable in a wage-and-hour action that lacked a separate harassment, retaliation, or discrimination claim.  *See Ruiz v. S. Tire Mart, LLC*, No. 2:24-cv-03429-SPG-E, 2025 WL 2025633, at *8 (C.D. Cal. Jan. 22, 2025).  In *Ruiz*, while the alleged Labor Code violations did not require the plaintiff to prove a pattern of discrimination, because the challenged confidentiality clause would apply to any *potential* claim of harassment, discrimination, or retaliation—and thus prevent the plaintiff from gathering supporting evidence "or tak[ing] advantage of findings in past arbitrations"—the court concluded it was unfairly protective of the employer and rendered the clause substantively unconscionable.  *Id.* at *9.  This Court agrees with *Ruiz*'s reasoning and concludes that the confidentiality clause at issue in this case was substantively unconscionable at the time the parties entered into the contract.  *See also Pappas v. AMN Healthcare Servs., Inc.*, 2025 WL 3720922, at *1 (9th Cir. Dec. 23, 2025) (unpublished) (holding that under California law, a contract provision may be unenforceable if "unconscionable at the time it was made.") (internal quotation marks omitted and citing Cal. Civ. Code § 1670.5(a)).

**2.  Arbitration of Sexual Harassment and Sex Discrimination Claims**

Relatedly, Plaintiff argues that the compelled arbitration of sexual harassment and sex discrimination claims is both unenforceable and unconscionable.  (Opp'n at 13–14.)  Specifically, Plaintiff contends that The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. § 401–402, permits an employee to elect not to arbitrate such claims.  *Id.*  Defendant points out that Plaintiff is not alleging any sexual harassment or sex discrimination claims in her lawsuit and, consequently, it does not implicate the Act.  (Reply at 12.)  Further, Defendant contends the Agreement contains a carveout excepting arbitration for certain claims that "controlling federal law bars from the coverage of mandatory pre-dispute arbitration agreements."  (Agreement § B.)  The Court agrees with Defendant.

Section 402 of the Act provides that "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). The Agreement states that it covers "claims for discrimination and harassment . . . except claims excluded below[,]" which extends to claims that federal law bars from arbitration. (Agreement § B.) As explained above, while the Agreement could be more succinct and clearer, it unequivocally bars certain claims from arbitration, including those within the scope of section 402. Accordingly, the Agreement's plain language excludes sexual harassment and sex discrimination claims from arbitration.

There is no substantive unconscionability in the provision concerning the arbitrability of general harassment or discrimination claims.

### 3. Risk of Imposition of Defendant's Attorneys' Fees and Costs on Plaintiff

Plaintiff next challenges the risk of imposition of attorneys' fees and costs that she would not be required to bear if the action were to proceed in court. (Opp'n at 10.) The challenged clause provides in relevant part:

> Each party will pay for his/her/its own costs and attorneys' fees, if any, except that the arbitrator may award reasonable fees to the prevailing party as provided by law.

(Agreement § D ¶ 16.) The Court disagrees that this provision is substantively unconscionable or that Plaintiff is at any risk. The provision plainly states that reasonable fees may be awarded to the prevailing party as provided by law. In construing a similar provision involving attorneys' fees and costs, the Ninth Circuit in *Pappas* reversed and remanded the lower court's decision finding unconscionability because "the contract provision here prevents an arbitrator from shifting costs in a manner contrary to the law applicable in California courts. So the provision does not permit violation of California cost-allocation rules." *Pappas*, 2025 WL 3720922, at *2. *Pappas* informs this case. As in *Pappas*, even if Defendant were to prevail on the

10

merits at arbitration, the arbitrator is required to follow California law in any award of attorneys' fees.[1]

Accordingly, the fees and costs clause is not substantively unconscionable.

### 4. Fee to Initiate Arbitration

Plaintiff also challenges the $25 filing fee payment to Defendant to initiate arbitration.  (Opp'n at 12–13); (Agreement § D ¶ (1)(a).)  Defendant contends that such a clause is not unconscionable because Plaintiff is not required to send the fee to Defendant and may send it to the arbitration service instead.  (Reply at 15.)  The relevant clause states that:

> UnitedHealth Group shall pay 100 percent in excess of the first twenty-five dollars ($25) of the required AAA administrative fee.  An employee may initiate arbitration by submitting, within the applicable statute of limitations period, a written demand for arbitration . . . with a check for $25 payable to "UnitedHealth Group". . . .  Within 30 business days of receiving such demand UnitedHealth Group shall file the demand with the appropriate office of the AAA, together with the applicable administrative fee as provided in the AAA's fee schedule.

(Agreement § D ¶ (1)(a).)  As written, the provision does not inform the reader that the employee's filing fee may be submitted directly to the arbitration service.  However, it clearly states that the fee will go toward the overall administrative filing fee and that Defendant will use it for that purpose.  A filing fee is a type of expense that Plaintiff is ordinarily expected to bear in court, as indeed she was required to pay a filing fee for the instant action.  This provision does not run afoul of *Armendariz* and is therefore not substantively unconscionable.  *Amendariz*, 24 Cal. 4th at 110–11 (instructing that the arbitration process "cannot generally require" the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court).

---

[1]  As one example, Plaintiff brings claims under Labor Code section 1194, which is "a one-way fee-shifting statute, authorizing an award of attorney's fees *only to employees* who prevail on their minimum wage or overtime claims."  *Kirby v. Immoos Fire Prot. Dist.*, 53 Cal. 4th 1244, 1251 (2012) (emphasis added).  The arbitrator is bound by California law.

The Court thus concludes the provision of the employee's $25 filing fee is not substantively unconscionable.

### 5. Discovery Limits

Plaintiff last challenges the amount of discovery provided in the Agreement as "severely restricted."  The Agreement's provisions limit discovery to the following: a single interrogatory limited to the identification of potential witnesses; one set of no more than twenty-five (25) requests for production; two eight-hour depositions of witnesses; one eight-hour deposition of an expert witness; and the opportunity to request physical and mental examinations.  (Agreement § D ¶ 10(a)–(f).)  The parties may also "request that the arbitrator allow additional discovery, and additional discovery may be conducted under the parties' mutual stipulation or as ordered by the arbitrator.  In addition, the arbitrator shall have the authority to issue subpoenas for the appearance of witnesses or the production of documents pursuant to applicable law."

"California courts look to the amount of discovery permitted, the standard for obtaining additional discovery, and the evidence presented by plaintiffs that the discovery limitations will prevent them from adequately arbitrating their statutory claims."  *Poublon*, 846 F.3d at 1270 (citing *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 715–18 (2004).  Here, Plaintiff has not made any showing as to what discovery she would need to vindicate her claims other than to generally claim the amount currently provided is insufficient.

The challenged clause also fails to identify the standard required to establish a need for more discovery.  However, courts should assume an "arbitrator will operate in a reasonable manner in conformity with the law."  *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 984 (2010).  The Agreement identifies a particular set of governing Rules, the "AAA Employment Arbitration Rules," and where to find them on the Internet.  (Agreement § D.)  The Agreement provides that "to the extent any of the terms, conditions, or requirements of this Policy conflict with [the arbitration service's]

Rules, the terms, conditions, or requirements of this Policy shall govern." (Agreement § D.) Defendant highlights that the Agreement's lack of limiting language, such as a showing of good cause, sufficient cause, or compelling need, "hurts Plaintiff's position rather than helps it." (Reply at 14.) The Court tends to agree. Considering the discovery provision's silence on the governing standard and reference to the Rules, it is reasonable to assume the standard in the Rules will govern.[2]

There, the Rules provide:

> The arbitrator shall manage any necessary exchange of information among the parties, including depositions, interrogatories, document production, or other means, with a view to achieving an efficient and economical resolution of the dispute while, at the same time, promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

American Arbitration Association, *Employment/Workplace Arbitration Rules and Mediation Procedures* R-21(a) (amended and effective May 1, 2025), https://www.adr.org/media/0vrpbnm0/2025_employment_arbitration_rules.pdf (last visited Apr. 14, 2026). Other courts have found that arbitration rules with similar language are conscionable. *See, e.g., Lucas v. Michael Kors (USA), Inc.*, No. 18-cv-01608-MWF-MRWx, 2018 WL 6177225, at *10 (C.D. Cal. Aug. 20, 2018). As the court in *Lucas* noted, parties are allowed to "agree to something less than the full panoply of discovery" otherwise available in litigation. *Id.* (citing *Armendariz*, 24 Cal. 4th at 106.) Plaintiff has not established that her discovery rights will be inadequately protected.

The Court concludes the discovery provision is not substantively unconscionable.

### C. Severability

Finally, Defendant argues that if the Court were to find any portion of the Agreement unconscionable, that portion should be severed. (Mot. at 18.) Plaintiff

---

[2] While Defendant points to a prior decision from this Court, *Hicks v. Utiliquest* is distinguishable because in that case, unlike here, the arbitration agreement presented a clearly defined standard for the arbitrator to employ in permitting future discovery: that is, discovery would be granted if "warranted by the circumstances of the particular case." 736 F. Supp. 3d 849, 867 (E.D. Cal. 2024).

responds that the Agreement is irredeemably unconscionable and tainted with illegality.  (Opp'n at 17.)

Having found the Agreement has low procedural unconscionability and only one substantively unconscionable clause in the confidentiality provision, the Court must evaluate whether severance is appropriate.  The trial court has "some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement."  *Armendariz*, 24 Cal. 4th at 122.  Courts may liberally sever any unconscionable portion of a contract and enforce the rest when: the illegality is collateral to the contract's main purpose; it is possible to cure the illegality by means of severance; and enforcing the balance of the contract would be in the interests of justice.  *Ramirez*, 16 Cal. 5th at 517 (citations omitted).

The Court concludes the confidentiality provision is severable.  It does not "permeate" the entire Agreement or "taint" the central purpose of the contract, which is to arbitrate claims.  *See Poublon*, 846 F.3d at 1273 ("[T]he dispositive question is whether the central purpose of the contract is so tainted with illegality that there is no lawful object of the contract to enforce.") (cleaned up).  In addition, severance would promote the twin aims identified by the California Supreme Court by conserving a legal contractual relationship between Plaintiff and Defendant and preventing unnecessary detriment to Defendant by voiding the Agreement entirely.  *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1100 (9th Cir. 2024) (analyzing and applying *Armendariz*).  "The overarching inquiry is whether the interests of justice would be furthered by severance."  *Id.* (citation omitted).

The Court concludes that severance of the confidentiality clause is appropriate in this case.  Without this provision, the Agreement contains low procedural unconscionability and no substantive unconscionability and is now enforceable.  In summary, the Motion to Compel Arbitration is GRANTED.

## II.  Motion to Dismiss Class Claims

Defendant next requests that this Court dismiss Plaintiff's class claims as she validly waived that right.  (Mot. at 18.)  Plaintiff does not address the issue.  The Supreme Court has instructed that such clauses are enforceable.  *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 517 (2018).  As there is no dispute that Plaintiff's assent to the Agreement was valid, her agreement to the class action waiver is also valid.  *Hicks v. Utiliquest*, 736 F. Supp. 3d at 869.  The class claims will be dismissed.

<strong>CONCLUSION</strong>

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Compel Arbitration and to Dismiss Class Claims (ECF No. 8) is GRANTED in full.  This matter will be STAYED pending resolution of the arbitration.  Defendant shall file a notice of completion with the Court within thirty (30) days of the completion of arbitration.  The Clerk of Court is directed to administratively close this case.

IT IS SO ORDERED.

Dated:   **April 23, 2026**

_____
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE