Fawn F. Bekam (SBN 307312)
fawn@abramsonlabor.com
Desiree Ruiz Alfaro (SBN 351819)
desiree.ruizalfaro@abramsonlabor.com
Jacquelyn Silva (SBN 342302)
jackie.silva@abramsonlabor.com
**ABRAMSON LABOR GROUP**
1700 W. Burbank Blvd.
Burbank, CA 91506
Telephone:   (213) 493-6300
Facsimile:   (213) 336-3704

Attorneys for Plaintiff Aaliyah Thomas-Cole, individually,
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AALIYAH THOMAS-COLE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:25-CV-03713-DJC-CSK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS ACTION WITH PREJUDICE**<br><br>Date:       July 30, 2026<br>Time:       1:30 p.m.<br>Courtroom:  7, 14th Floor |

1

PLAINTIFF'S MOTION TO DISMISS ACTION

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

**NOTICE IS HEREBY GIVEN** that on July 30, 2026, at 1:30 p.m. or as soon as the matter may be heard before the Honorable Daniel J. Calabretta in Courtroom 7 of this Court, located at 501 I Street, Sacramento, CA 95814, Plaintiff Aaliyah Thomas-Cole ("Plaintiff") will and hereby does move the Court for an Order granting dismissal of the instant case with prejudice.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Desiree Ruiz Alfaro, the complete file and records of this action, and any further briefing and arguments of counsel.

This Motion is made following the conference of counsel pursuant to the Court's Standing Order which took place on May 27, 2026. The parties continued their meet and confer efforts thereafter but were unable to reach an agreement that would avoid motion practice. As described in the Declaration of Desiree Ruiz Alfaro, filed concurrently herewith, Plaintiff's counsel explained that Plaintiff seeks dismissal of the action with prejudice and does not intend to initiate arbitration. Defendant's counsel stated Defendant's position, including that the Court retains jurisdiction after compelling arbitration.

Dated: May 29, 2026

**ABRAMSON LABOR GROUP**

By: _____
Fawn F. Bekam
Desiree Ruiz Alfaro
Jacquelyn Silva
Attorneys for Plaintiff Aaliyah Thomas-Cole

PLAINTIFF'S MOTION TO DISMISS ACTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Aaliyah Thomas-Cole ("Plaintiff") filed this putative class action against Defendant United Healthcare Services, Inc. ("Defendant") in the Superior Court of the State of California, County of Sacramento on November 20, 2025. ECF No. 1-2, Exhibit A. Defendant removed this case to this Court on December 23, 2025. ECF No. 1. On April 24, 2026, the Court granted Defendant's Motion to Compel Arbitration of Plaintiff's Individual Claims and to Dismiss Class Claims in its entirety and stayed the action pending arbitration. ECF No. 13.

Plaintiff now wishes to dismiss her individual claims with prejudice. The basis for this Motion is that Plaintiff wishes to pursue her Private Attorneys General Act of 2004 ("PAGA") action in State Court. Declaration of Desiree Ruiz Alfaro In Support of Plaintiff's Motion to Dismiss Action With Prejudice ("DRA Decl.") at ¶ 6. On January 26, 2026, Plaintiff separately filed a complaint alleging only a PAGA claim in the Superior Court of the State of California, County of Sacramento (*Aaliyah Thomas-Cole v. United Healthcare Services, Inc.*, Case No. 26CV001689). DRA Decl. at ¶ 4.

The requested dismissal is not predicated on any quid pro quo, and neither Plaintiff nor her attorneys have received any remuneration whatsoever in exchange therefore. For the reasons set forth herein, Plaintiff requests that this Court enter the Proposed Order, filed herewith, dismiss her action in its entirety with prejudice.

### II.    LEGAL ARGUMENT

#### A. PLAINTIFF MAY DISMISS HER CLAIMS WITH PREJUDICE

Plaintiff may request dismissal of her claims "by court order, on terms that the court consider proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The "plain legal prejudice" inquiry focuses on "the rights and defenses available to a defendant in future litigation." *Bader v. Electronics for Imaging*, 195 F.R.D 659,

3

661-662 (N.D. Cal. 2000).

Here, the only dispositive decision the Court has made is compelling Plaintiff's individual claims to arbitration and dismissing the class claims. ECF No. 13. "[T]he FAA does not compel a plaintiff to pursue arbitration rather than not pursuing the claims at all." *Capon v. Ladenburg, Thalman Co., Inc.*, 92 F.App'x 400, 401-02 (9th Cir. 2004).

Contrary to Defendant's arguments otherwise, *Smith v. Spizzirri*, 601 U.S. 472 (2024) does not preclude dismissal here. In *Smith*, the Supreme Court held that when a district court determines claims are subject to arbitration and a party requests a stay of the action under Section 3 of the Federal Arbitration Act, the court must stay the action pending arbitration rather than dismissing it. *Id*. at 475-76. That is not the procedural posture here. The Court has already compelled arbitration and stayed the action rather than dismissing it. ECF No. 13. Plaintiff does not intend to initiate arbitration, and is voluntarily seeking dismissal of her own claims with prejudice because she wishes to proceed with her pending PAGA action in State Court instead.

*Smith* does not stand for the proposition that a plaintiff cannot voluntarily dismiss her claims after they have been compelled to arbitration. In fact, following Defendant's argument to its logical conclusion, the only way a case could ever be dismissed after a motion to compel arbitration is granted is after an arbitration is completed. Therefore, parties would never be permitted to settle without completing arbitration, nor could a plaintiff simply decide (as here) not to pursue the claims at all. There simply is no authority permitting this absurd result.

Moreover, Defendant will maintain the same rights and defenses. Although Defendant may argue to the contrary, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976 (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). As such, Defendant has no legitimate reason to oppose this Motion.

///

4

PLAINTIFF'S MOTION TO DISMISS ACTION

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her request to dismiss the action with prejudice.

Dated: May 29, 2026                    **ABRAMSON LABOR GROUP**

                                 By:  _____
                                    Fawn F. Bekam
                                    Desiree Ruiz Alfaro
                                    Jacquelyn Silva

                                    Attorneys for Plaintiff Aaliyah Thomas-Cole

PLAINTIFF'S MOTION TO DISMISS ACTION